GULF, C. & S. F. RY. CO. v. KRIEGEL.
(No. 5930.)

(Court of Civil Appeals of Texas. Austin. Feb. 27, 1918. On Motion for Rehearing, May 15, 1918.)

1. APPEAL AND ERROR ☞655(3) — RECORD — STATEMENT OF FACTS—STRIKING OUT.

A statement of facts containing 40 pages, 30 per cent. of which consists of questions and answers, and much of which is unnecessary repetition and testimony as to undisputed facts, is in violation of Rev. St. 1911, art. 2070, requiring such statement to be succinct without unnecessary repetition, and district court rule 78 (142 S. W. xxiii), requiring statement to be condensed, and will be stricken.

2. APPEAL AND ERROR ☞554(2)—RECORD—STATEMENT OF FACTS—NECESSITY.

Appeal will not be dismissed on the ground that there is no statement of facts, but will be entertained so that court may ascertain if any of the assignments of error can be sustained without such statement.

#### On Motion for Rehearing.

3. APPEAL AND ERROR ☞655(3) — RECORD — STATEMENT OF FACTS—UNNECESSARY MATTER.

Where a rule requiring statements of facts to be in condensed form has been violated for years, the court will not strike out a statement for violation thereof without having given the party so violating the rule warning that it was to be enforced.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Action by Fred Kriegel against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Motion to strike out statement of facts and to dismiss the appeal. Motion to strike out the statement of facts sustained. Motion to dismiss the appeal overruled. On motion for rehearing judgment striking out statement of facts set aside.

J. P. Dewald, of Pendleton, and Ward & Evetts, of Temple, for the motion. W. W.

---

Hair, of Temple, Terry, Cavin & Mills, of Galveston, and Lee, Lomax & Smith, of Ft. Worth, opposed.

JENKINS, J. Appellee has filed a motion to strike out the statement of facts herein because the same is not in compliance with the statute and the rules adopted by the Supreme Court relating to that subject.

[1] We sustain this motion. The 40 pages of the statement of facts filed herein consist, to the extent of fully 30 per cent., of questions and answers. None of these questions and answers are necessary to a proper understanding of the testimony of the witnesses.

Counsel for appellant states, in reply to the motion to strike out the statement of facts, that he boiled down the stenographer's report about two-thirds. Granting this to be true, it does not follow that the statement of facts is such as is contemplated by the statute and the rules.

The statute (article 2070, R. S.) reads in part:

"The party appealing shall prepare, or cause to be prepared," from the transcript filed by the official shorthand reporter (the testimony in question and answer form), "a statement of facts in duplicate, which shall consist of the evidence * * * upon the trial, both oral and by deposition, *stated in a succinct manner, without unnecessary repetition*," etc. (Italics ours.)

Rule 78 (142 S. W. xxiii) for the district and county courts is as follows:

"Neither the notes of a stenographer taken upon the trial, nor a copy thereof made at length, shall be filed as a statement of facts; but the statement made therefrom shall be condensed throughout, in accordance with the spirit of the foregoing rules on this subject," etc.

The spirit of the foregoing rules may be understood by the following excerpt from rule 72 (142 S. W. xxii):

"Where the evidence adduced upon the trial of a cause is sufficient to establish a fact or facts alleged by either party, the testimony of witnesses * * * should not be stated or copied in detail into a statement of facts, but the facts thus established should be stated as facts proven in the case."

To illustrate the violation of this rule in the instant case: This is a suit to recover damages for alleged false imprisonment. Plaintiff alleged that he was arrested without a warrant, at a given time by one Sam Kirby, who took him before one R. L. Cooper, a justice of the peace of Bell county; that said Kirby at said time was employed as a watchman by appellant, and was acting in making such arrest in the scope of his employment; that a charge was filed against him before said justice of the peace for trespassing; that said justice of the peace fined him $1, and costs amounting to $9.70.

To this appellee answered that said Kirby was at the time of such arrest a policeman of the city of Temple, and that appellant had violated an ordinance of the city of Temple, and that he pleaded guilty before said justice of the peace.

All of these facts were established by the uncontradicted testimony, and should have been stated "as facts proven in the case." But, instead of so doing, the greater part of the 40 pages of the statement of facts consists of the testimony of witnesses to establish such facts. The controverted facts in the case, as shown by the record, are very few, and the testimony in reference thereto could easily have been stated in a half dozen pages.

A statement of facts containing testimony as to undisputed facts and the unnecessary repetition of such testimony is not peculiar to this case. On the contrary, it is, and for years has been, almost a daily occurrence in statements of facts filed in this court, of which we have often felt inclined to take notice on our motion under authority of rules 53 and 53a (142 S. W. xv) for the government of this court, and notice is here now given to whom it may concern that we do not promise to refrain from doing so in the future.

For years there has been a demand, coming from all parts of the state, for reform in matters of judicial procedure. We doubt not that some legislation on this subject is needed. But in the meantime there would be less cause of complaint if the present rules on this subject were followed. By so doing it is our opinion, based on experience, that statements of facts could be reduced an average of 50 per cent. Also, if the rules with reference to transcripts were adhered to, records on appeal could be very materially reduced. Whatever may be the difference of opinion as to needed legislation on this subject, there is no room for doubt that reform is greatly needed as to the manner in which statements of facts and records are made up on appeal. Our trouble in this respect is not so much the fault of our present system, as the flagrant violation of the rules governing the same.

Referring again to the statement of facts in the instant case, what is marked as page 40 thereof consists of an immigrant contract of appellant with the brother-in-law of appellee. This contract is perhaps immaterial to any issue in this case. The fact of its existence and its contents were not disputed on the trial. If it was necessary to refer to it at all, the substance of its contents, in so far as they could have any possible bearing on this case, could have been stated in a few words. But, instead of so doing, the entire contract, consisting of two printed pages in type so small as to be almost illegible, is inserted. It is printed in red ink, and it would imperil any one's eyesight to read it.

We have written what we have written, not only because the facts of this case justified it, but primarily in the hope that what we have here said may lead to a more strict observance of the rules, and thereby save

costs to litigants, and facilitate the work of courts of appeals.

[2] We overrule the motion to dismiss the appeal. A statement of facts is not necessary to give this court jurisdiction. It will be time enough to consider whether any of the assignments of error can be sustained without a statement of facts when the case is submitted.

Motion to strike out the statement of facts sustained. Motion to dismiss the appeal overruled.

## On Motion for Rehearing on Judgment Striking out Statement of Facts.

On a former day of the present term we sustained a motion to strike out the statement of facts in this case, for the reason that it was not in compliance with the rules in such case made and provided.

Appellant has filed a motion for rehearing on this judgment, in which, among other things, he quotes from our opinion herein to the effect that the rule with reference to the statement of facts has been flagrantly violated for years in this court, and without any action being taken thereon on our part, and says that we ought not make him and his client the victim of our determination to enforce this rule, without any warning having been given.

[3] We concede that there is some justice in this plea, and we therefore grant the motion for rehearing, and set aside our judgment striking out the statement of facts. We do not, however, withdraw our warning as to statements of facts of this character in the future.

Motion granted, and judgment striking out statement of facts set aside.